IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEITH STEVENS, §
§ No. 180, 2018
Defendant Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§ ID. No. 1608020805 (K)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: September 18, 2018
Decided: December 5, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

(1)     The appellant, Keith Stevens, filed this appeal from the Superior Court's order of March 9, 2018, sentencing him for his second violation of probation ("VOP").  The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Stevens' opening brief that the appeal is without merit.

(2)     On March 23, 2017, Stevens pled guilty in the Superior Court to a charge of failing to report as a registered sex offender and was sentenced to Level V incarceration that was suspended immediately for Level II supervision.  Within two months, Stevens was charged with his first VOP for having violated certain conditions of the Level II supervision.  At the conclusion of a hearing in June 2017,

the Superior Court found Stevens guilty of VOP and sentenced him to Level V incarceration that was immediately suspended for a period of time at the Level IV VOP Center followed by Level III probation. The Superior Court also added to the sentence a zero tolerance condition for illicit substances and a condition that Stevens be evaluated and monitored by the Treatment Access Center ("TASC").

(3) In December 2017, Stevens was charged with his second VOP for having violated certain conditions of his Level III probation. At the conclusion of the VOP hearing on March 9, 2018, the Superior Court found Stevens guilty and sentenced him to a period of Level V incarceration suspended after successful completion of KEY—a Level V substance abuse treatment program—followed by Level III probation with GPS monitoring. This appeal followed.

(4) Stevens claims on appeal that the Superior Court abused its discretion when sentencing him to the KEY program because his second VOP was not based on conduct related to illicit substances. Stevens' claim is without merit. As is clear from the March 9 hearing transcript, the Superior Court sentenced Stevens to the KEY program based on a recent evaluation of Stevens by TASC and the recommendation of a TASC counselor that the program was warranted.[*] This was an appropriate use of the Superior Court's discretion.

---

[*] Hr'g Tr. at 4, 7–8 (Mar. 9, 2018).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice